UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | REPORT AND RECOMMENDATION |
| V. ) | |
| ) | CASE NO. 2:08-cr-6 |
| MARQUES LYLE LITTLEWIND, SR. ) | |

After a writ of garnishment was issued, Marques Lyle Littlewind, Sr., filed a request for a hearing and a claim for exemptions. The United States responded with a motion to limit the garnishment hearing, or, in the alternative, to quash the garnishment hearing. Littlewind responded with a brief, which included a request that counsel be appointed to represent the interests of his minor children relative to the tribal payment.

As a result of a conviction for assault resulting in serious bodily injury, Littlewind was ordered to pay $11,569.08 in restitution and $100 as a special assessment. The United States, in its brief, asserts that the total balance due as of November 30, 2009 was $11,724.29.

The United States, having learned that the Spirit Lake Tribe intended to issue cash disbursements to tribal members, applied for a writ of garnishment. The writ was served on Littlewind via mail on December 7, 2009.

Littlewind filed a Request for Hearing with an Attached Claim Exemption Form (Doc. 59). A letter submitted with the Request for Hearing, however, states that he does not wish to be compelled to

1

be present at a hearing, because doing so would interfere with his participation in a Residential Drug Treatment Program at The Federal Correctional Center in Forrest City, Arkansas.

### Request for Appointment of Counsel

Littlewind asserts that the garnishment proceedings, being civil in nature but having been initiated under a criminal case docket number, present "perplexing issues of law, which could be better addressed if an attorney were appointed." This Court's research has identified no caselaw establishing a right to appointed counsel in garnishment proceedings, and therefore recommends that that request be denied.

### Request to Limit or Quash Garnishment Hearing

The United States asserts that, under 28 U.S.C. § 3202(d), a hearing is limited to consideration of (1) the probability of validity of any claim for exemption, or (2) compliance with statutory requirements in the postjudgment remedy process. On the exemption form he submitted, Littlewind claimed exemptions for wearing apparel, fuel, provisions, furniture, personal effects, books and tools necessary to carry out one's occupation, and annuity and pension payments. Since the property the United States seeks to garnish is not in any of those identified categories, validity of his claimed exemptions is not at issue, and Littlewind is not entitled to a hearing on that basis.

The only arguable procedural defect Littlewind has raised is

"whether the Guardian of the minor Children should by motion, intervene, on behalf of the Children, and whether the Spirit Lake Tribe, relinquish the monies at all, once apprised that there are minor children of the Spirit Lake Tribe at issue."  Littlewind has identified no legal basis for his claim that his children, through their guardian, have a right to intervene.  The Spirit Lake Tribe responded to the writ of garnishment, and raised no issues relative to the interests of Littlewind's children.

Littlewind asserts that Eighth Circuit law has not addressed whether civil garnishment may be pursued within a criminal case.  This Court has, however, identified other instances in which courts within this circuit have addressed garnishment issues within a criminal case, when payment of restitution is at issue.  See, e.g., *United States v. Blackcloud*, 2008 WL 5416406 (N.D. Iowa); *United States v. Lawrence*, 538 F. Supp. 2d 1188 (D.S.D. 2008).

Finally, Littlewind argues that only 25% of the tribal payment should go toward his restitution obligation, and that the remaining 75% should go toward support of his minor children.  He asserts that the same percentage should be applied to the tribal payment as is used by the Federal Bureau of Prisons for restitution paid through inmate accounts.  This Court's research has identified no statutory basis limiting the percentage of non-exempt assets subject to garnishment.  While BOP policies appear to apply a percentage approach to inmate earnings,

3

http://www.bop.gov/policy/progstat/5380_008.pdf, BOP policies have no application to the tribal payment which is the subject of the writ of garnishment.

In summary, none of the issues which Littlewind raises could appropriately be considered at a hearing.  This Court therefore recommends that the motion to quash the garnishment hearing be granted, that Littlewind's motion for a hearing be denied, and that Littlewind's motion for appointment of counsel be denied.

### OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within fourteen days after being served with a copy of this Report and Recommendation.  If the parties do not object to the proposed findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the fourteen day period ends.

Dated this 27th day of January, 2010.

*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge